IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

MALINDA DREW NICHOLSON, by          *
and thru her next friend            *
CHRIS G. NICHOLSON,                 *
                                    *
        Plaintiff,                  *        CV 123-103
                                    *
        v.                          *
                                    *
BRANDON J. MCCRARY and BEECH        *
ISLAND TIMBER,                      *
                                    *
        Defendants.                 *

_____

O R D E R

_____

Before the Court are Plaintiff's motion to remand (Doc. 9)[1]
and Defendants' unopposed motion to dismiss (Doc. 6).  For the
following reasons, Plaintiff's motion to remand is **DENIED** and
Defendants' motion to dismiss is **GRANTED**.

I. BACKGROUND

On June 14, 2021, Plaintiff Malinda Drew Nicholson ("Ms.
Nicholson") was killed when her car collided with a tractor trailer
owned by Defendant Beech Island Timber & Construction, Inc. and
driven by Defendant Brandon J. McCary.[2]  (Doc. 1-2, at 3.)  On June

_____

[1] Plaintiff's motion is titled as a motion to dismiss.  (Doc. 9, at 1.)  However,
Plaintiff's motion seeks to "dismiss" Defendants' "Motion for Removal" because
the amount in controversy is less than $75,000.  (Id.)  Therefore, the Court
will construe Plaintiff's motion as one for remand.
[2] Defendant Beech Island Timber & Construction, Inc. was incorrectly identified
in the caption as Beech Island Timber, and Defendant Brandon J. McCary was
incorrectly identified in the caption as Brandon J. McCrary.  (Doc. 6, at 1.)

12, 2023, Chris G. Nicholson ("Mr. Nicholson") filed this wrongful death action in the Civil Court of Richmond County, Georgia. (Id. at 1, 3.) In his complaint, Mr. Nicholson specifies he seeks only $45,000 in damages and alleges he is a proper party to bring this wrongful death claim because "he is a creditor of the estate of [Ms.] Nicholson." (Id. at 2, 3.)

Defendants removed the case to this Court on July 27, 2023, contending the Court has diversity jurisdiction over Mr. Nicholson's claims. (Doc. 1, at 1-2.) On August 3, 2023, Defendants filed a motion to dismiss, to which Mr. Nicholson did not respond. (Doc. 6.) Instead, on August 7, 2023, Mr. Nicholson filed a motion to remand, arguing the Court does not have diversity jurisdiction because the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332(a). (Doc. 9, at 1.) Defendants oppose Mr. Nicholson's motion. (Doc. 12.)

## II. MOTION TO REMAND

Despite Mr. Nicholson's demand for judgment of only $45,000, Defendants argue the amount-in-controversy requirement is nevertheless met because the measure of damages in a wrongful death action under Georgia law is "the value of the decedent's life to h[er]," and "[t]he value of human life is more than $75,000." (Doc. 12, at 2, 4 (citation omitted).) The Court agrees and finds it has subject-matter jurisdiction over Mr. Nicholson's claims.

On a motion to remand, the burden of establishing federal jurisdiction is placed upon the party seeking removal. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). It is well established that removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. Mann v. Unum Life Ins. Co. of Am., 505 F. App'x 854, 856 (11th Cir. 2013) ("[W]e strictly construe removal statutes, resolving all doubts in favor of remand."). In evaluating a motion to remand, the district court makes its "determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).

For an action to properly be removed to federal court, the federal court must have original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over cases arising under federal law and diversity cases. 28 U.S.C. §§ 1331, 1332. Here, Defendants removed based on diversity jurisdiction. (Doc. 1, at 1.) Diversity jurisdiction requires "complete diversity of the parties' citizenship and an amount in controversy exceeding $75,000." Darden v. Ford Consumer Fin. Co., 200 F.3d 753, 755 (11th Cir. 2000) (citing 28 U.S.C. § 1332(a)). The Parties do not dispute they are diverse; instead, they dispute whether the amount in controversy exceeds $75,000. (Doc. 1-1, at 4-9; Doc. 1-2, at 3; Doc. 9, at 1.)

3

The "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing," and, as such, there is a heavy burden of proof on the defendant to "prove jurisdiction exists despite plaintiff's express claim to less than the minimum jurisdictional sum[.]" Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). The weight of this burden "varies based on the allegations in the state court complaint." Gen. Pump & Well, Inc. v. Matrix Drilling Prods. Co., No. CV608-045, 2009 WL 812340, at *2 (S.D. Ga. Mar. 26, 2009) (citation omitted).

When a plaintiff makes a specific demand for judgment less than the jurisdictional amount, the defendant is required to prove to "a legal certainty" the amount in controversy actually exceeds the jurisdictional minimum. Burns, 31 F.3d at 1095. Thus, a defendant may be permitted to remain in federal court only if he shows the case is clearly worth more than the jurisdictional threshold. See id. at 1096.

Alternatively, when a plaintiff has made an unspecified demand for damages in state court, a removing defendant must only prove the amount in controversy "by a preponderance of the evidence." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). So, if the damages are unspecified in the complaint, the defendant's burden is only to prove the actual damages will "more likely than not" exceed the minimum jurisdictional amount. Id.

Here, Defendants claim to fall within the second, lesser burden of proof. (Doc. 12, at 3 (citing Wineberger v. RaceTrac Petroleum, Inc., 672 F. App'x 914, 917-18 (11th Cir. 2016)).) But Mr. Nicholson made a specific demand for $45,000. (Doc. 1-2, at 2.) Accordingly, the Court finds Mr. Nicholson's damages are specified, and thus Defendants must prove to a legal certainty that the amount in controversy exceeds $75,000. See Burns, 31 F.3d at 1095.

Even though Defendants are subject to the higher burden of proof, the Court finds they have carried their burden. Mr. Nicholson's complaint asserts wrongful death claims against Defendants. (Doc. 1-2, at 3.) Under Georgia law, the measure of damages in a wrongful death action is "the full value of the life of the decedent, as shown by the evidence." O.C.G.A. § 51-4-2(a). But "Georgia is unique in its measure of damages for a wrongful death act, because it uses the value of the decedent's life to h[er]." Alvista Healthcare Ctr., Inc. v. Miller, 673 S.E.2d 637, 640 (Ga. Ct. App. 2009) (citations omitted). Furthermore,

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

Roe, 613 F.3d at 1061-62 (citations omitted). Defendants argue, since "[t]he value of human life is more than $75,000," the amount in controversy in this case "must be in excess of $75,000." (Doc. 12, at 2, 5.)   "[R]elying on its judicial experience and common sense," the Court finds there is "a legal certainty" the amount in controversy actually exceeds $75,000. See Roe, 613 F.3d at 1064; Burns, 31 F.3d at 1095. As a result, Plaintiff's motion to remand (Doc. 9) is **DENIED**.

### III. MOTION TO DISMISS

Defendants move to dismiss Mr. Nicholson's complaint under Federal Rule of Civil Procedure 12(b)(6).   (Doc. 6, at 1.) Defendants contend Mr. Nicholson, as "next friend" of Ms. Nicholson and a purported creditor of her estate, is not a proper plaintiff to bring a wrongful death claim under Georgia law. (Id. at 4-9.) Because Mr. Nicholson is not a proper plaintiff, Defendants argue his complaint should be dismissed with prejudice because it fails to state a claim upon which relief may be granted. (Id.)   The Court agrees.

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984).  Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled

to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." Id. The Court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557). A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint pursuant

to [Rule] 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

Accepting the facts alleged in Mr. Nicholson's complaint as true, Mr. Nicholson failed to state a claim for which relief may be granted.  Mr. Nicholson brings his wrongful death claim on Ms. Nicholson's behalf as her "next friend."  (Doc. 1-2, at 3.) Moreover, Mr. Nicholson states he is the proper party to bring this claim because "he is a creditor of the estate of [Ms.] Nicholson."  (Id.)  However, in Georgia, "wrongful death claims may be brought by only two categories of plaintiffs — the decedent's surviving spouse and, if there is no surviving spouse, the decedent's children.  No other relatives of the decedent are allowed to bring an action for wrongful death under [O.C.G.A. §] 51-4-2." Tolbert v. Maner, 518 S.E.2d 423, 425 (Ga. 1999); O.C.G.A. § 51-4-2(a).  Mr. Nicholson has not alleged he is Ms. Nicholson's surviving spouse or child.  Therefore, Mr. Nicholson may not bring a wrongful death claim under Georgia law.  Tolbert, 518 S.E.2d at 425-26; O.C.G.A. § 51-4-2(a).  The Wrongful Death Act permits one caveat to this strict limitation, and that is "[w]hen there is no person entitled to bring an action for the wrongful death of a decedent . . . , the administrator or executor of the decedent may bring an action for and may recover and hold the amount recovered for the benefit of the next of kin."  O.C.G.A.

8

§ 51-4-5(a).  But again, Mr. Nicholson has not alleged he is the administrator or executor of Ms. Nicholson's estate.  Even if he had, he has not alleged the prerequisite to this limited exception, namely that Ms. Nicholson had no surviving spouse or child. Therefore, Mr. Nicholson's complaint fails to state a claim for which relief may be granted and is subject to dismissal under Rule 12(b)(6).

The Court recognizes the Eleventh Circuit has stated, "[w]hen it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice."  Jemison v. Mitchell, 380 F. App'x 904, 907 (11th Cir. 2010) (citation omitted).  However, the Eleventh Circuit has also instructed dismissal with prejudice, without first providing leave to amend, is proper "if the *pro se* plaintiff has indicated that he does not wish to amend his complaint or if a more carefully drafted complaint could not state a valid claim."  Id. (citation omitted).  The latter applies here because, for the reasons discussed above, Mr. Nicholson is not a proper plaintiff to bring a wrongful death claim on Ms. Nicholson's behalf.  Moreover, the Court is convinced, even if it provided Mr. Nicholson an opportunity to amend, Mr. Nicholson cannot state a claim for wrongful death.  (See Doc. 12-1, at 2 (attaching email from Mr. Nicholson stating Ms. Nicholson "was [his] first wife"

9

and indicating they have two children))[3]; see also Tolbert, 518 S.E.2d at 426.   Accordingly, the Court need not provide Mr. Nicholson an opportunity to amend his complaint before dismissing it with prejudice.   See Jemison, 380 F. App'x at 907 (citation omitted).   Therefore, Defendants' motion to dismiss (Doc. 6) is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to remand (Doc. 9) is **DENIED** and Defendants' motion to dismiss (Doc. 6) is **GRANTED**.   Accordingly, Mr. Nicholson's complaint is **DISMISSED WITH PREJUDICE**.   The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___/9th___ day of January, 2024.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court only relies on this email as support for its conclusion that, even if it were to give Mr. Nicholson an opportunity to amend, he could not state a wrongful death claim.